United States District Court
Southern District of Texas
FILED

OCT 8 2013

David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Antoinette Renee Lampkin** *Plaintiff, Pro Se* | : : : : | |
| vs. | : : | Civil Cause No. 4:12-CV-03400 |
| **Staffmark Holdings, Inc.** *Defendant.* | : | |

## PLAINTIFF'S OPPOSED MOTION TO COMPEL DEFENDANT'S DISCOVERY RESPONSES

COMES NOW, Plaintiff, pro se and respectfully moves the Court for an Order Compelling Defendant, Staffmark, to answer Interrogatories returned back to Plaintiff with objections due to being vague and ambiguously, and to produce certain documents for Plaintiff to review and inspect that are proper and relevant to this Complaint. Pursuant to Rule 37(B)(iii)(iv), and in support of this Motion, Plaintiff state as follows:

### FACTS

1.  Plaintiff served her first set of Combined Interrogatories and Request for Production (attached here as **Exhibit A** (9 pages)) to Defendant on August 27, 2013.

2.  Defendant timely responded September 23, 2013, objecting and claiming requests are vague and ambiguously and that most of these requests are irrelevant, unrelated, and unrelated parties to the case, and claiming information sought is confidential and protected by attorney-client privileges.

3.  Plaintiff was specific and detailed with her requests.

4.  Plaintiff received from Defendant's copies of materials relating to their EEO training and policies (EEO Materials), sixty-nine pages long. These EEO materials are similar to

a PowerPoint presentation and do not specifically explain what the Civil Rights statutes state. These EEO materials do not demonstrate how Staffmark enforce their EEO policies; these materials rely on the employees to direct any questions to the Human Resource Director. These materials have no creation or revision dates. Defendant directed five (5) responses to these materials, which are unrelated to the information Plaintiff seeks.

5. The purpose of this Complaint arises from an unlawful employment discrimination against the Defendant, for disparate treatment to Plaintiff, as an employment applicant, because of her disability association made known to the Defendant, a violation within the *Americans with Disability Act*, 42 USC 12112(b)(4), and because of her race, a violation within the *Civil Rights Act*, 42 USC 2000e-2 et. al. Even though Plaintiff's racial claim has been dismissed without prejudice, Defendant should be compelled to produce documents showing the race of other applicants Staffmark continued to seek and hire.

6. Plaintiff's Interrogatories and Request For Documents to Defendant are proper and relevant to this Complaint, and Plaintiff has a right to review and inspect this information.

Defendant objected to Plaintiff's definitions of the terms listed and instructions on the grounds that they were overly broad, unduly burdensome, and seek information beyond the scope of permissible discovery, claims information sought invades the attorney-client privileges and work product. Plaintiff disagrees. Any and all confidential information can, and should be redacted.

7. On September 3, 2013, the Honorable Werlein, Jr. Memorandum and Order states, Staffmark failed to hire Plaintiff due to disability association discrimination.

8. Defendant should be compelled to respond to the following interrogatories and produce the relevant records/documents as follows:

**Plaintiff's First Combined Interrogatories and Request for Production No. 2 ask:**

> Identify and provide ALL documents relating to ALL Defenses and ALL Affirmative Defenses for each and every one listed, numbers 1-13, on pages 4 and 5 under "III", filed on April 24, 2013, Doc. #24 of Defendants' Objection and Answer to Plaintiffs' First Amended Complaint.

Plaintiff has a right to this information to review and inspect, and this will not invade

Attorney-client privileges or the work product, this information is reasonably calculated to lead

to the discovery of admissible evidence.

**Plaintiff's First Combined Interrogatories and Request for Production No. 4 ask:**

> Identify and provide ALL documents relating to ALL available assignments, job placement opportunities, temporary assignments, temp to hire and direct hire positions during the periods of March 5, 2012 through May 30, 2012, (the year 2011 is incorrect).

This request identifies the employment opportunities Defendant purposely denied

Plaintiff to be considered for, this information is reasonably calculated to lead

to the discovery of admissible evidence. Defendant's response implies that Plaintiff was limited

to the data entry position only, and was not considered for any other valid positions, until

Defendant was contacted by EEOC approximately, March 17, 2012.

**Plaintiff's First Combined Interrogatories and Request for Production No. 5 ask:**

> Identify and provide ALL documents relating to ALL applicants Defendant placed on ALL available assignments, and submitted for interviews and referrals during the periods of March 5, 2012 through May 30, 2012 (the year 2011 is incorrect), provide also the ages, race, gender, along with qualifications, experiences and testing scores.

This request shows all the other applicants Defendant continued to seek and hire, this

information is reasonably calculated to lead to the discovery of admissible evidence.

**Plaintiff's First Combined Interrogatories and Request for Production No. 10 ask:**

> Identify and provide ALL documents relating to Defendants' effectiveness of its policies and procedures for monitoring ALL Staffing Mangers that prevent any and all Equal Employment Opportunity (EEO) violations.

This request seeks information for Defendant's responsibilities for enforcing and

Monitoring their staff to ensure EEO laws are complied with, this information is reasonably calculated to lead to the discovery of admissible evidence.

### Plaintiff's First Combined Interrogatories and Request for Production No. 11 ask:

> Identify and provide ALL documents relating to Defendants' effectiveness of its policies and procedures for monitoring ALL applicants' that prevent discrimination and disparate treatment.

This request seeks information for Defendant's responsibilities for enforcing and monitoring applicants to ensure EEO laws are complied with, this information is reasonably calculated to lead to the discovery of admissible evidence.

### Plaintiff's First Combined Interrogatories and Request for Production No. 12 ask:

> Identify and provide ALL documents relating to ALL policies and procedures Defendants' Staffing Managers implements to ensure compliance with ALL Federal, State and EEO Laws, and Defendants' EEO policies and procedures.

This information seeks individual performance responsibilities for Defendant's Staffing Managers must comply with regarding compliance to the EEO laws; this is reasonably calculated to lead to the discovery of admissible evidence.

### Plaintiff's First Combined Interrogatories and Request for Production No. 19 ask:

> Identify and provide ALL documents relating to when Defendant first became aware of Plaintiffs' Complaint.

This request seeks information regarding how and when Defendant suspect/detect non-compliance to EEO laws and this is reasonably calculated to lead to the discovery of admissible evidence. Defendant objected to this request claiming information sought is protected by attorney-client privileges. Plaintiff does not agree.

### Plaintiff's First Combined Interrogatories and Request for Production No. 21 ask:
> Identify and provide ALL documents relating to the data entry positions Plaintiff was told she would be submitted for consideration on March 5, 2012 (the year 2011 is incorrect).

This request seeks information in regards to the position Plaintiff was told she would be submitted for, and according to Defendant's previous responses, the position was put on hold, and then filled by another company. Defendant made no effort to consider Plaintiff for other positions, and Defendant limited Plaintiff to this one position, this information is reasonably calculated to lead to the discovery of admissible evidence.

**Plaintiff's First Combined Interrogatories and Request for Production No. 23 ask:**

> Identify and provide ALL documents relating to Ms. Lindsey Millers' responsibilities in the implementation and compliance to EEO laws.

Plaintiff seeks information regarding Ms. Lindsey Miller's personal responsibilities to Defendant that shows that she complies and understands the EEO laws; this information is reasonably calculated to lead to the discovery of admissible evidence.

**Plaintiff's First Combined Interrogatories and Request for Production No. 24 ask:**

> Identify and provide ALL documents relating to Defendants' effective policy and procedures that prevents EEO violations before EEOC Complaints.

This request seeks information regarding preventive measures Defendant takes to avoid EEO violations; Defendant directed the response to this request to the EEO materials and is not the same information Plaintiff is looking for here; this information is reasonably calculated to lead to the discovery of admissible evidence.

**Plaintiff's First Combined Interrogatories and Request for Production No. 25 ask:**

> Identify and provide ALL documents relating to the Human Resource Directors' effective responsibilities to policy, procedures, compliance and guidelines to follow to prevent any EEO violations before EEOC Complaints.

This request seeks information regarding the Human Resource Directors' personal responsibilities to comply with EEO laws; Defendant directed the response to this request to the

EEO materials and is not the same information Plaintiff is looking for here; this information is reasonably calculated to lead to the discovery of admissible evidence.

## CERTIFICATE OF CONFERENCE

Plaintiff first contacted Defendant's attorney of record by email on September 24, 2013 requesting the objections be supplemented with the required and requested information, or Plaintiff would file a Motion to Compel. This request was forward to another attorney in this same office. Request again for this information was followed up after Plaintiff's deposition on September 26th. The attorney responded that she would do everything she could with getting the information to Plaintiff, and stated since the racial discrimination claim was dismissed, Plaintiff was not entitled to the race of the applicants Defendant continued to seek and hire, and stated Plaintiff is not entitled to see their ages, gender and other information regarding these applicants. It has been more than ten (10) days, and Defendant still has not submitted the requested information. Plaintiff requested on September 30, 2013 that she would like to have these supplements by Friday, October 4, 2013. This requested information is proper and all is reasonably calculated to lead to the discovery of admissible evidence. As of October 7, 2013, there has been no further communication.

Respectfully submitted,

*Antoinette R. Lampkin*
Antoinette Renee Lampkin
220 Bammel Westfield Rd. Apt. 112
Houston, Texas 77090
(832) 329-2578
rlampkin@justice.com

October 8, 2013

## PRAYER

**WHEREFORE**, for the foregoing reasons, Plaintiff respectfully requests this Court Order Defendant to respond and produce the requested documents requested to them in Plaintiff's First Combined Interrogatories and Request For Production propounded to them.

Respectfully submitted,

*[signature]*

Antoinette R. Lampkin, Plaintiff, Pro Se
220 Bammel Westfield Rd. Apt. 112
Houston, Texas 77090
(832) 329-2578
rlampkin@justice.com

October 8, 2013

# CERTIFICATE OF SERVICE

Plaintiff hereby certify that a true and exact copy of Plaintiff's *__Opposed Motion to Compel__* was served on Defendants', Staffmark Holdings, Inc. Attorney, Mr. Michael P. Maslanka by certified mail, return receipt requested as follows:

Staffmark Holdings, Inc.
Attn: Mr. Michael P. Maslanka
Constangy, Brooks & Smith, LLP
1201 Elm Street, Suite 2550
Dallas, Texas 75270
mmaslanka@constangy.com

**CM# 7012 1640 0002 0233 2636**

Respectfully submitted,

*Antoinette R. Lampkin*
Antoinette R. Lampkin, Plaintiff/Pro Se
220 Bammel Westfield Rd. Apt. 112
Houston, Texas 77090
(832) 329-2578
rlampkin@justice.com

October 8, 2013

# CONSTANGY
## Brooks & Smith, LLP

1201 ELM STREET
SUITE 2550
DALLAS, TEXAS 75270
TELEPHONE: (214) 646-8625 · FACSIMILE: (214) 749-0078
www.constangy.com

mmaslanka@constangy.com
214-646-3420

September 23, 2013

**VIA E-MAIL RLAMPKIN@JUSTICE.COM,
CERTIFIED MAIL/RRR NO. 7011 2970 0003 6700 8984
AND FIRST CLASS MAIL**

Antoinette R. Lampkin
220 Bammel Westfield Road, Apt. 112
Houston, Texas 77090

    Re:    Civil Action No. 4:12-cv-03400; *Antoinette Lampkin v. Staffmark Holdings, Inc.*

Dear Antoinette:

Enclosed is Defendant's Response to Plaintiff's First Set of Combined Interrogatories and Request for Production.

Sincerely,

Michael P. Maslanka
w/perm
AKC

Enclosure

ALABAMA   CALIFORNIA   FLORIDA   GEORGIA   ILLINOIS   MASSACHUSETTS   MISSOURI
NEW JERSEY   NORTH CAROLINA   SOUTH CAROLINA   TENNESSEE   TEXAS   VIRGINIA   WISCONSIN

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTOINETTE R. LAMPKIN, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO.: 4:12-cv-03400 |
| STAFFMARK HOLDINGS, INC., | § § | |
| Defendant. | § § § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF COMBINED INTERROGATORIES AND REQUEST FOR PRODUCTION**

TO: Plaintiff Antoinette Lampkin, 220 Bammel Westfield Rd., Apt. 112, Houston, Texas 77090.

**I. OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

Defendant objects to the various definitions of the terms listed in the "Definitions" and "Instructions" section of Plaintiff's Requests on the grounds that they are overly broad, unduly burdensome, and they seek information beyond the scope of permissible discovery. Defendant further objects to these definitions insofar as they seek to invade the attorney-client and investigative privileges or the attorney work product doctrine.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF COMBINED INTERROGATORIES AND REQUEST FOR PRODUCTION**   PAGE 1

Lampkin vs. Staffmark 4:12-CV-03400   Plaintiff's Motion to Compel   10 of 17

## II. INTERROGATORIES AND REQUEST FOR PRODUCTIONS

1. Identify and provide ALL person(s) answering and providing documents for these interrogatories and request for production.

**Response:** Gaye Henley, Director of Human Resources for Staffmark, c/o Defense Counsel.

2. Identify and provide ALL documents relating to ALL Defenses and ALL Affirmative Defenses for each and every one listed, numbers 1-13, on pages 4 and 5 under "III", filed on April 24, 2013, Doc. #24 of Defendants' Objection and Answer to Plaintiffs' First Amended Complaint.

**Response:** Defendant objects to Request No. 2 because the term "documents relating to all defenses and all affirmative defenses" is vague and ambiguous. Defendant further objects to this request because it is overly broad in scope and because it constitutes an impermissible fishing expedition and it asks Defendant to marshall all proof that it seeks to offer at trial. Subject to these objections and without waiving same, see Defendant's production and all supplements thereto.

3. Identify and provide ALL other documents relating to any and ALL other Defenses and Affirmative Defenses, Defendant intend to use at trial or with Motions for Judgment.

**Response:** Defendant objects to Request No. 3 because it is duplicative of Request No. 2 and because the term "documents relating to any and all other defenses" is vague and ambiguous and because this request is overly broad in scope and unduly burdensome. Defendant further objects to Request No. 3 because it constitutes an impermissible fishing expedition and it asks Defendant to marshall all proof that it seeks to offer at trial. Defendant further objects to this request to the extent that it seeks information protected by the attorney client and work product privileges.

4. Identify and provide ALL documents relating to ALL available assignments, job placement opportunities, temporary assignments, temp to hire and direct hire positions during the periods of March 5, 2011 through May 30, 2011.

**Response:** Defendant objects to Request No. 4 because the terms "documents relating to," "assignments," "job placement opportunities," "temporary assignments," "temp to hire," and "direct hire positions" are vague and ambiguous and because it is overly broad in scope and unduly burdensome. Defendant further objects Request No. 4 because it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks documents relating to positions other than the one at issue in this lawsuit. Defendant further objects to this request to the extent it seeks confidential information related to candidates and/or individuals who are not a party to this lawsuit.

5. Identify and provide ALL documents relating to ALL applicants Defendant placed on ALL available assignments, and submitted for interviews and referrals during the periods of

**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET**     **PAGE 2**
**OF COMBINED INTERROGATORIES AND REQUEST FOR PRODUCTION**

Lampkin vs. Staffmark 4:12-CV-03400     Plaintiff's Motion to Compel     11 of 17

March 5, 2011 through May 30, 2011, provide also the ages, race, gender, along with qualifications, experiences and testing scores.

**Response:** Defendant objects to Request No. 5 because the terms "documents relating to," "applicants," "available assignments," "submitted for interviews and referrals," and "experiences" are vague and ambiguous and because it is overly broad in scope and unduly burdensome. Defendant further objects Request No. 5 because it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it seeks confidential information related to candidates and/or individuals who are not a party to this lawsuit.

6.  Provide the employment dates for Ms. Lindsay Miller, and identify and provide ALL documents relating to her new hire orientation checklist.

**Response:** Defendant objects to Request No. 6 because the term "documents relating to her new hire orientation checklist" is vague and ambiguous and because it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to Request No. 6 to the extent it seeks confidential information about a former employee of the Defendant who is not a party to this lawsuit. Subject to these objections and without waiving same, Lindsey Miller was employed at Staffmark Holdings, Inc. from December 16, 2009 to June 12, 2012.

7.  Provide the reason(s) Ms. Lindsay Miller is listed as a former employee on the Defendants' Initial Disclosures.

**Response:** Defendant objects to Request No. 7 because it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to Request No. 7 to the extent it seeks information protected by the attorney-client work product privilege. Subject to these objections and without waiving same, Lindsey Miller was listed as a former employee on Defendant's Initial Disclosures because she is no longer employed at Staffmark Holdings, Inc.

8.  Identify and provide ALL documents relating to Plaintiffs' employment dates with Defendant, showing the assignments she worked, and her employment records, job performance, and any adverse employment against her.

**Response:** Defendant objects to Request No. 8 because the terms "documents relating to," "employment dates," "assignments," "employment records," "job performance," and "adverse employment" are vague and ambiguous. Defendant further objects to this request because it is overly broad in scope. Subject to these objections and without waiving same, see Plaintiff's personnel file produced with Defendant's Initial Disclosures.

9.  Identify and provide ALL documents relating to Plaintiffs' medical and health related files.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET**     PAGE 3
**OF COMBINED INTERROGATORIES AND REQUEST FOR PRODUCTION**
Lampkin vs. Staffmark 4:12-CV-03400     Plaintiff's Motion to Compel     12 of 17

**Response:** Defendant objects to Request No. 9 because the terms "documents relating to" and "medical and health related files" are vague and ambiguous. Defendant further objects to Request No. 9 because it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and without waiving same, after a diligent search, no responsive documents can be found.

10. Identify and provide ALL documents relating to Defendants' effectiveness of its policies and procedures for monitoring ALL Staffing Mangers that prevent any and all Equal Employment Opportunity (EEO) violations.

**Response:** Defendant objects to Request No. 10 because the terms "documents relating to," "effectiveness of its policies and procedures," "staffing managers," and "monitoring" are vague and ambiguous. Defendant further objects to Request No. 10 because it is overly broad in scope. Subject to these objections and without waiving same, see Defendant's document production and all supplements thereto which includes Defendant's EEO policies and its workplace diversity and employment law course training materials.

11. Identify and provide ALL documents relating to Defendants' effectiveness of its policies and procedures for monitoring ALL applicants' that prevent discrimination and disparate treatment.

**Response:** Defendant objects to Request No. 11 because the terms "documents relating to," "effectiveness of its policies and procedures," "applicants," "monitoring" and "disparate treatment" are vague and ambiguous. Defendant further objects to Request No. 11 because it is overly broad in scope. Subject to these objections and without waiving same, see Defendant's document production and all supplements thereto which includes Defendant's EEO policies and its workplace diversity and employment law course training materials.

12. Identify and provide ALL documents relating to ALL policies and procedures Defendants' Staffing Managers implements to ensure compliance with ALL Federal, State and EEO Laws, and Defendants' EEO policies and procedures.

**Response:** Defendant objects to Request No. 12 because the terms "documents relating to," "policies and procedures," "staffing managers," "implements" and compliance are vague and ambiguous. Defendant further objects to Request No. 12 because it is overly broad in scope. Subject to these objections and without waiving same, see Defendant's document production and all supplements thereto which includes Defendant's EEO policies and its workplace diversity and employment law course training materials.

13. Identify and provide ALL documents relating to witnesses and expert witnesses Defendant intends to depose regarding this Complaint.

**Response:** Defendant objects to Request No. 13 because the term "documents relating to witnesses and expert witnesses" is vague and ambiguous. Defendant further objects to this request to the extent that it seeks information protected by the attorney client and work product

privileges. Subject to this objection and without waiving same, Defendant currently only intends to depose Plaintiff Antoinette Lampkin.

14. Identify and provide ALL documents relating to expert reports Defendant intends to rely upon for their Motions for Judgment, or admit into evidence at trial to defend 42 USC 12112 et., al., and 42 USC 2000e-2 et., al Complaint.

**Response:** Defendant objects to Request No. 14 because the term "documents relating to expert reports" is vague and ambiguous. Subject to this objection and without waiving same, Defendant will comply with all applicable rules for expert discovery.

15. Identify and provide ALL documents relating to any and all case law, State and Federal Statutes Defendant intends to rely upon, and admit as evidence at trial, or for their Motions for Judgment.

**Response:** Defendant objects to Request No. 15 because it is vague in its entirety and because it is overly broad in scope and unduly burdensome. Defendant further objects to Request No. 15 because it constitutes an impermissible fishing expedition and it asks Defendant to marshall all proof that it seeks to offer at trial. Defendant further objects to this request to the extent that it seeks information protected by the attorney client and work product privileges.

16. Identify and provide all documents relating to steps taken by Defendant during the period of March 2011 through May 2011, in regards to communicating Defendants' EEO policies and procedures to their Staffing Mangers.

**Response:** Defendant objects to Request No. 16 because the terms "documents relating to steps taken" and "staffing managers" are vague and ambiguous. Defendant further objects to Request No. 16 because it is overly broad in scope. Subject to these objections and without waiving same, see Defendant's document production and all supplements thereto which includes Defendant's EEO policies and its workplace diversity and employment law course training materials.

17. Identify and provide ALL documents relating to employment discriminatory complaints by ALL applicants, formal and/or informal.

**Response:** Defendant objects to Request No. 17 because the terms "documents relating to employment discriminatory complaints," "applicants," and "formal and/or informal" are vague and ambiguous and because it is overly broad as to time period and scope and unduly burdensome. Defendant further objects to Request No. 17 to the extent that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.

18. Identify and provide ALL documents relating to steps taken by Defendant to monitor the effectiveness of its EEO training efforts with Staffing Mangers.

**Response:** Defendant objects to Request No. 18 because it is duplicative of earlier requests and because the terms "documents relating to steps taken," "EEO training efforts," and "staffing

**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET**     **PAGE 5**
**OF COMBINED INTERROGATORIES AND REQUEST FOR PRODUCTION**
Lampkin vs. Staffmark 4:12-CV-03400     Plaintiff's Motion to Compel     14 of 17

managers" are vague and ambiguous. Defendant further objects to Request No. 18 because it is overly broad as to time period and scope and unduly burdensome. Subject to these objections and without waiving same, see Defendant's document production and all supplements thereto which includes Defendant's EEO policies and its workplace diversity and employment law course training materials.

19. Identify and provide ALL documents relating to when Defendant first became aware of Plaintiffs' Complaint.

**Response:** Defendant objects to Request No. 19 because it is vague in its entirety. Defendant further objects to Request No. 19 to the extent it seeks information that is protected by the attorney-client privilege.

20. Identify and provide ALL documents relating to remedial actions taken against Ms. Lindsay Miller by Defendant in response to Plaintiffs' EEOC Complaint.

**Response:** Defendant objects to Request No. 20 because the terms "documents relating to remedial actions" and "EEOC Complaint" are vague and ambiguous. Subject to that objection and without waiving same, based on Defendant's understanding of the term "remedial actions," none were taken against Lindsey Miller in response to Plaintiff's Charge of Discrimination being filed with the EEOC.

21. Identify and provide ALL documents relating to the data entry positions Plaintiff was told she would be submitted for consideration on March 5, 2011.

**Response:** Defendant objects to Request No. 21 because it is vague in its entirety. Subject to theis objection and without waiving same, see Defendant's document production and all supplements thereto.

22. Identify and provide ALL documents relating to ALL applicants' that were submitted for consideration for the data entry positions mentioned in No. 21. Provide ages, race, gender, and qualifications, along with testing scores for each.

**Response:** Defendant objects to Request No. 22 because the terms "documents relating to all applicants" and "submitted for consideration" are vague and ambiguous and because it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to Request No. 22 to the extent it seeks confidential information related to candidates and/or individuals who are not a party to this lawsuit. Subject to these objections and without waiving same, aside from Plaintiff, no candidate from Staffmark was submitted for the data entry position mentioned in Request No. 21 because the position was put on hold by the client.

23. Identify and provide ALL documents relating to Ms. Lindsay Millers' responsibilities in the implementation and compliance to EEO Laws.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET**     **PAGE 6**
**OF COMBINED INTERROGATORIES AND REQUEST FOR PRODUCTION**

Lampkin vs. Staffmark 4:12-CV-03400     Plaintiff's Motion to Compel     15 of 17

**Response:** Defendant objects to Request No. 23 because the terms "all documents relating to Ms. Lindsay Miller's responsibilities, "implementation," and "compliance" are vague and ambiguous and because it is overly broad in scope. Subject to these objections and without waiving same, see Defendant's document production and all supplements thereto which includes Defendant's EEO policies and its workplace diversity and employment law course training materials.

24. Identify and provide ALL documents relating to Defendants' effective policy and procedures that prevents EEO violations before EEOC Complaints.

**Response:** Defendant objects to Request No. 24 because it is duplicative of earlier requests and because the term "documents relating to Defendant's effective policies and procedures" is vague and ambiguous. Defendant further objects to Request No. 24 because it is overly broad as to time period and scope. Subject to these objections and without waiving same, see Defendant's document production and all supplements thereto which includes Defendant's EEO policies and its workplace diversity and employment law course training materials.

25. Identify and provide ALL documents relating to the Human Resource Directors' effective responsibilities to policy, procedures, compliance and guidelines to follow to prevent any EEO violations before EEOC Complaints.

**Response:** Defendant objects to Request No. 25 because the terms "documents relating to the Human Resource Directors' effective responsibilities," "policy," "procedures," "compliance," "guidelines," "violations" and "EEOC Complaints" are vague and ambiguous and because it is overly broad as to time period and scope. Subject to these objections and without waiving same, see Defendant's document production and all supplements thereto which includes Defendant's EEO policies and its workplace diversity and employment law course training materials.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET**     PAGE 7
**OF COMBINED INTERROGATORIES AND REQUEST FOR PRODUCTION**

Lampkin vs. Staffmark 4:12-CV-03400     Plaintiff's Motion to Compel     16 of 17

Respectfully Submitted,

*/s/ Michael P. Maslanka* w/ perm
AKC

Michael P. Maslanka
Attorney-in-Charge
Texas Bar No. 13148800
Federal Bar No. 28256
mmaslanka@constangy.com
Constangy, Brooks & Smith, LLP
1201 Elm Street, Suite 2550
Dallas, Texas 75270
PH: (214) 646-8625
FX: (214) 749-0078

**COUNSEL FOR DEFENDANT
STAFFMARK HOLDINGS, INC.**

### CERTIFICATE OF SERVICE

I certify that Defendant's Response to Plaintiff's First Set of Combined Interrogatories and Requests for Production was sent to Plaintiff on the 23rd day of September, 2013, via first class mail, certified mail, return receipt requested, and e-mail:

Antoniette R. Lampkin
220 Bammel Westfield Rd., Apt. 112
Houston, Texas 77090
(832) 329-2578
rlampkin@justice.com

*/s/ Michael P. Maslanka* w/ perm
AKC

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET
OF COMBINED INTERROGATORIES AND REQUEST FOR PRODUCTION         PAGE 8

Lampkin vs. Staffmark 4:12-CV-03400    Plaintiff's Motion to Compel    17 of 17