IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTOINETTE R. LAMPKIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-3400 |
| | § | |
| STAFFMARK HOLDINGS, INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM & ORDER

Pending is Defendant Staffmark Holdings, Inc.'s Motion for Summary Judgment (Document No. 46). After considering the motion, response, reply, and applicable law, the Court concludes that the motion should be granted.

I. Background

In this discrimination suit, *pro se* Plaintiff Antoinette R. Lampkin ("Plaintiff") alleges that she applied for work at Defendant Staffmark Holdings, Inc. ("Defendant"), a staffing agency that hires individuals and places them in temporary positions with Defendant's clients.[1] On March 5, 2012, Defendant's employee Lindsey Miller ("Miller") interviewed Plaintiff and spoke with her about a data entry position then available with MS Energy in

---

[1] *See* Document No. 21 at 3 (1st Am. Cmplt.).

Conroe, Texas.[2] Plaintiff informed Miller that she was interested in the position, but that she required a flexible work schedule because she had a special needs child who she had to take to therapy appointments twice a week.[3] Plaintiff indicated to Miller that she would make up the missed time by coming in early, working late, working through lunch, or working on weekends.[4] Approximately three weeks later, after hearing nothing further from Miller, Plaintiff emailed her to ask for an update on her application.[5] Miller responded that the position she had discussed with Plaintiff was on hold, and Defendant had no other flexible positions available at that time.[6]

Plaintiff now brings suit alleging that Defendant discriminated against her on the basis of her relationship to an

---

[2] Document No. 60-1 at APP 0043; Document No. 46-1 at APP 0009. Defendant contends that Plaintiff was hired by Defendant on the day of her interview. Document No. 46 at 1. Plaintiff disputes this. Document No. 59 at 1.

[3] Document No. 21 at 3; Document No. 60-1 at APP 0043. At the Rule 16 conference, Plaintiff explained that the child is her great-nephew, and his disability is a speech delay. Plaintiff asserts that the child's therapy appointments were scheduled for Wednesdays at 5:00 pm and Thursdays at 6:00 pm. Document No. 21 at 3.

[4] Id.

[5] Id.

[6] Id. at 3-4; Document No. 46-1 at APP 0010; Document No. 60-1 at APP 0043.

individual with a disability in violation of 42 U.S.C. § 12112.[7] Defendant moves for summary judgment.[8]

## II. Legal Standard

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice. Id. "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." Id. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence

---

[7] Document No. 21. Plaintiff's race discrimination claim was dismissed for failure to exhaust administrative remedies. Document No. 31.

[8] Document No. 46.

3

of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Id. 56(c)(3).

In considering a motion for summary judgment, the district court must view the evidence "through the prism of the substantive evidentiary burden." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2513 (1986). All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. Kelley v. Price-Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993). On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." Id. Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." Anderson, 106 S. Ct. at 2513.

### III. Analysis

The Americans with Disabilities Act ("ADA") prohibits "excluding or otherwise denying equal jobs or benefits to a

qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association." 42 U.S.C.A. § 12112(b)(4). Because Plaintiff relies on circumstantial evidence of discrimination, the court applies the burden-shifting framework laid out in <u>McDonnell Douglas Corp. v. Green</u>, 93 S.Ct. 1817, 1824 (1973). *See* <u>Grimes v. Wal-Mart Stores Tex., LLC</u>, 505 Fed. Appx. 376, 379 (5th Cir. 2013) (applying <u>McDonnell Douglas</u> framework to analyze associational discrimination claim). Under this framework, the Plaintiff must first establish a prima facie case of discrimination. <u>Grimes</u>, 505 Fed. Appx. at 379 (citing <u>McDonnell Douglas</u>, 93 S.Ct. at 1824). If the Plaintiff is able to make such a showing, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for the adverse employment action. <u>Id.</u> (citing <u>McDonnell Douglas</u>, 93 S.Ct. at 1824). Once the employer presents a non-discriminatory reason, the burden then shifts back to the plaintiff to demonstrate that the employer's proffered reason is merely a pretext for discrimination. <u>Id.</u> (citing <u>McDonnell Douglas</u>, 93 S.Ct. at 1824).

A.  <u>Whether Plaintiff has established a prima facie case of disability association discrimination</u>

To demonstrate a prima facie case of disability association discrimination, the Plaintiff must show: "(1) her qualification for the job, (2) an adverse employment action, (3) the employer's

knowledge of the employee's disabled relative, and (4) that the adverse employment action occurred under circumstances raising a reasonable inference that the relative's disability was a determining factor in the employer's adverse action." Grimes, 505 Fed. Appx. at 380.

Plaintiff has failed to establish a prima facie case because she has not shown circumstances raising a reasonable inference that the child's disability was a determining factor in Defendant's not placing her in the MS Energy data entry position. Plaintiff testified in her deposition that Miller listened to what Plaintiff had to say about the child and his appointments, and that Miller did not say anything inappropriate or rude.[9] Plaintiff points to the notations "flex" and "back office" in Miller's notes as evidence of discriminatory animus, arguing that the notes show "Plaintiff's work schedule would change week after week for just two (2) late evening appointments."[10] The notes, however, accurately reflect Plaintiff's desire for a flexible position, which does not raise a reasonable inference of discriminatory

---

[9] Document No. 46-1 at APP 0031-0033.

[10] Document No. 59 at 5; Document No. 59-1 at 16 of 17. Plaintiff also objects to the notation "came in for MS Energy" because "Plaintiff applied to Staffmark to be considered for a wide, ongoing range of administrative support employment opportunities." Document No. 59 at 5-6. However, Plaintiff does not explain how this notation demonstrates any discriminatory animus based on her association with her disabled great-nephew.

animus.[11] In sum, Plaintiff has failed to establish a prima facie case of disability association discrimination.

B. <u>Whether Defendant had a legitimate, non-discriminatory reason for its actions</u>

Even if Plaintiff had established a prima facie case, she has failed to rebut Defendant's legitimate, non-discriminatory reason for its actions. Defendant explains that it did not submit Plaintiff's resume for the MS Energy position because the position was filled by an employee of a competitor before Defendant was able

---

[11] Additionally, Plaintiff argues that the fact that Defendant did not contact Plaintiff about other available positions is evidence of Defendant's discriminatory animus. Document No. 59 at 7; Document No. 59-1 at 8 of 17. Plaintiff, however, offers no summary judgment evidence of any other positions that would accommodate her requested schedule or that she was qualified for any such position. Moreover, Defendant's policy asks employees to call in regularly to let Defendant know that they are available to work. Document No. 46-1 at APP 0010, APP 0018. Plaintiff emailed Miller on March 26, 2012 inquiring about the "data entry positions in Conroe" that they had discussed at Plaintiff's March 5 interview. Document No. 59-1 at 6 of 17. Miller responded on April 5 that the position was put "on hold," that she had marked Plaintiff "down as available," and that she didn't have "any other positions at this time that are flexible on their schedules." <u>Id.</u> Plaintiff points to no evidence that she requested to be placed in another position, or that she called in to advise Defendant of her availability. On this uncontroverted summary judgment record, Defendant's not having submitted Plaintiff's resume for other available positions does not raise a reasonable inference that Defendant discriminated against Plaintiff because of her association with a disabled individual.

7

to send in Plaintiff's resume.[12]  Plaintiff presents no evidence that this explanation was pretextual.[13]

IV. <u>Order</u>

For the foregoing reasons, it is

ORDERED that Defendant Staffmark Holdings, Inc.'s Motion for Summary Judgment (Document No. 46) is GRANTED, and Plaintiff Antoinette R. Lampkin's claims are DISMISSED WITH PREJUDICE.

---

[12] Document No. 46 at 2-3; Document No. 46-1 at APP 0002 (Declaration of Defendant employee Veronica Garcia that she called MS Energy on March 2 to inquire about submitting another employee's resume and was told that they were no longer accepting resumes; Garcia noted that fact in Defendant's computer system on March 6, the day *after* Miller interviewed Plaintiff); <u>id.</u> at APP 0007 (notation by Garcia in Defendant's computer system: "SPOKE TO AMANDA ON FRIDAY THEY HAD ENOUGH RESUMES AND INTERVIEWS THEY WERE NOT INTERESTED IN OUR CANDIDATE.  THEY WERE MAKING A SELECTION THAT AFTERNOON."); <u>id.</u> at APP 0009 (Declaration of Miller that she intended to submit Plaintiff's resume to MS Energy on March 6, but when she checked Defendant's computer system, she saw Garcia's note stating that the position was filled).

[13] Plaintiff contends that Miller "lied" in her April 5 email to Plaintiff when she wrote that the MS Energy position was "put on hold by the company."  Document No. 59 at 3; Document No. 59-1 at 6 of 17.  Miller acknowledges that she told Plaintiff that the position was on hold, but explains that she "processed a large volume of applications for temporary employees every month," and had "forgotten that the position had actually been filled by a . . . competitor."  Document No. 46-1 at APP 0010.  Given that the position had in fact been filled, Miller's mistaken reply a month later constitutes no evidence of pretext for discrimination.

8

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, this 21st day of January, 2014.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE